UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIELLE PALLOTTA and CHERYL LAFLAMME, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF MASSACHUSETTS MEMORIAL MEDICAL CENTER, KRONOS INCORPORATED, and UKG INC.,<br><br>Defendants. | Civil Action No. 4:22-cv-10361-ADB |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT

WHEREAS, Plaintiffs Danielle Pallotta, Cheryl LaFlamme, Sandra Bravo, Melissa Lavin, Michelle Lemieux, Catherine Mysliewic, and Tania Ward (collectively, "Plaintiffs"), individually and on behalf of others allegedly similarly situated, and Defendants UMass Memorial Medical Center Inc., UMass Memorial Health Care, Inc., and Ultimate Kronos Group (collectively the "Defendants") (together with Plaintiffs "the Parties"), have moved for preliminary approval of a proposed class action and collective action settlement.

WHEREAS, this Court has reviewed and considered the Parties' Settlement and Release Agreement (the "Agreement"), together with the exhibits thereto, as well as Plaintiffs' Unopposed Motion for Preliminary Approval and supporting documents, and after hearing arguments of counsel for the Parties; and

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the above-captioned action (the "Action") meets all the prerequisites of Rule 23(b)(2) of the Federal

1

Rules of Civil Procedure, that the Class Representative Plaintiffs (as defined herein) are adequate representatives of the FLSA Collective and the Massachusetts Wage Act Class (as defined herein), all as specified in this Order Granting Provisional Certification of the FLSA Collective and the Massachusetts Wage Act Class and Preliminary Approval of the Settlement Agreement ("Preliminary Approval Order").

NOW, THEREFORE, based upon the files, records, and proceedings herein, and it appearing to the Court that a hearing should be held on notice to the FLSA Collective and Massachusetts Wage Act Class of the proposed settlement to determine finally if the terms of the settlement are fair, reasonable, and adequate (the "Fairness Hearing");

**IT IS HEREBY ORDERED THAT:**

1. All terms and definitions used herein have the same meaning as set forth in the Agreement.

2. The proposed settlement set forth in the Agreement is hereby preliminarily approved as being within the range or reasonableness such that notice thereof should be published to the FLSA Collective (as defined herein) and the Massachusetts Wage Act Class (as defined herein).

3. The Court conditionally and preliminarily certifies for settlement purposes only the FLSA Collective. "FLSA Collective" means all hourly employees of UMass Memorial Medical Center, Inc. and/or UMass Memorial Health Care, Inc. who, according to Defendants' records, did not receive timely payment of wages as a result of the Data Breach and who consent to join this settlement by completing and returning a valid and timely FLSA Consent Form.

4. The Court conditionally and preliminary certifies for settlement purposes only the Massachusetts Wage Act Class. "Massachusetts Wage Act Class" means all hourly employees of

UMass Memorial Medical Center, Inc. and/or UMass Memorial Health Care, Inc. who, according to Defendants' records, did not receive timely payment of wages as a result of the Data Breach.

5.	Danielle Pallotta, Cheryl LaFlamme, Sandra Bravo, Melissa Lavin, Michelle Lemieux, Catherine Mysliewic, and Tania Ward are hereby found to be adequate and are therefore appointed as representatives of the FLSA Collective and the Massachusetts Wage Act Class (the "Class Representative Plaintiffs").

6.	Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Sheff & Cook, LLC, and Gordon Law Group, LLP are hereby found to be adequate and are therefore appointed as class counsel ("Class Counsel").

7.	If the Court does not enter the Judgment and Approval Order, this certification order, including the above description of the FLSA Collective and Massachusetts Wage Act Class and appointment of Class Representative Plaintiffs and Class Counsel, shall be vacated, and this Action shall proceed as though the certification and appointments never occurred.

8.	Pending final determination of whether the settlement should be approved, neither the Class Representative Plaintiffs nor any member of the FLSA Collective or Massachusetts Wage Act Class, whether directly, indirectly individually, representatively, or in any other capacity, shall commence or prosecute any action or proceeding of any nature whatsoever asserting any of the claims herein against Defendants.

9.	The Court approves CAC Services Group, LLC, as the Claims Administrator. The Court approves the Notice Packet attached as Exhibit 1 to the Settlement Agreement and directs that CAC Services Group, LLC send the Notice Packet to the Collective Members and Class Members.

10. CAC Services Group, LLC will send the Notice Packet by first class mail and by email to known Class Members within seven (7) days of receiving the Class List. Class Members shall have ninety (90) days to file claims to participate with the Claims Administrator from the date Notice is issued by the Claims Administrator. There will also be a postcard reminder forty-five (45) days before the close of the claims period for those Class Members who had not before then made a claim, and, for those Class Members whose notice is returned, skip tracing and remailings for returned notices. Class Members may also submit claims via the Administrator's website.

11. If any Notice Packet is returned as undeliverable, the Claims Administrator shall promptly attempt to locate such Collective Member or Class Member either using any additional contact information available or an electronic search using available information ("Tracing"). For any Notice Packet returned as undeliverable, the Claims Administrator shall, within five (5) days from the date the Notice Packet was returned as undeliverable, mail an additional Notice Packet to such Collective Member or Class Member at the address identified by Tracing ("Remailing"). The Claims Administrator shall not perform Tracing and/or Remailing more than one time for any Collective Member or Class Member. To the extent any mailed Notice Packet is returned as undeliverable, the Collective Member or Class Member shall be permitted thirty (30) days from any remailing of the Notice Packet to submit their objection (the "Remailing Period").

12. Collective Members and Class Members will have ninety (90) days from the date their Notice Packet is mailed (the "Notice Period") to submit written objections to the Settlement to the Claims Administrator, if any. To be valid and effective, an objection must be signed, dated, and post-marked or otherwise received by the Claims Administrator by the last day of the Notice Period. The Notice Packets provide that Collective Members and Class Members who wish to

object to the Settlement must send a written statement of their objection to the Claims Administrator by the end of the Notice Period.

13. Class Counsel shall file any application for an award of attorneys' fees, costs, and expenses and for Class Representative Plaintiffs Service Awards (the "Fee Application") no later than **August 18, 2023**, which shall be heard on the same date as the Fairness Hearing.

14. Counsel for the Parties shall file memoranda, declarations, or other statements and materials in support of Final Approval no later than **September 1, 2023**.

15. Counsel for the Parties shall file any reply papers in support of Final Approval or the Fee Application and in response to any objections from FLSA Collective or Massachusetts Wage Act Class Members by **September 15, 2023**.

16. The settlement on the terms and conditions of the Agreement filed concurrently with the Parties' joint motion for preliminary approval is hereby preliminarily approved but is not to be deemed an admission of liability or fault by Defendants or by any other Party or Person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendants.  The settlement is not a concession and shall not be used as an admission of any fault or omission by Defendants or any other Party or Person.

17. Any FLSA Collective or Massachusetts Wage Act Class Members may enter an appearance in the Action individually or through the counsel of their choice at their own expense. Other than FLSA Collective or Massachusetts Wage Act Class Members who enter an appearance, the FLSA Collective or Massachusetts Wage Act Class Members will be represented by Class Counsel.

18. Counsel for the Parties is hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement, which is not materially inconsistent with either this Preliminary Approval Order or the terms of the Agreement.

19. The Fairness Hearing is set for **September 27, 2023 at 9:15 AM**.

**SO ORDERED.**

                                             */s/ Allison D. Burroughs*
                                             Allison D. Burroughs United States District Judge

Dated: May 25, 2023