UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIELLE PALLOTTA and CHERYL LAFLAMME, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF MASSACHUSETTS MEMORIAL MEDICAL CENTER, KRONOS INCORPORATED, and UKG INC.,<br><br>        Defendants. | Civil Action No. 4:22-cv-10361-ADB |

**MEMORANDUM AND ORDER**

Plaintiffs' motion for attorneys' fees, expenses, and service award payments, [ECF No. 86], is GRANTED IN PART AND DENIED IN PART.

Regarding expenses and service award payments, Plaintiffs' requests are granted in the amounts of $18,688.42 for expenses and $8,500 for each named Plaintiff.

Regarding Attorney's fees, Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees . . . that are authorized by law or by the parties' agreement." Similarly, the FLSA provides for the award of a "reasonable attorney's fee" to a prevailing plaintiff. See 29 U.S.C. § 216(b).

"The First Circuit recognizes two methods for calculating attorneys' fees in the class action context." Bezdek v. Vibram USA Inc., 79 F. Supp. 3d 324, 349 (D. Mass. 2015), aff'd, 809 F.3d 78 (1st Cir. 2015); see also In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 307 (1st Cir. 1995). First, under the "lodestar" method, the court calculates the fee award by "determining the number of hours productively spent on the litigation and multiplying

1

those hours by reasonable hourly rates." In re Thirteen Appeals, 56 F.3d at 305.  Alternatively, in cases where the parties' settlement establishes a "common fund" of money for the benefit of class members, the court may "shape[] the counsel fee based on what it determines is a reasonable percentage of the fund recovered for those benefitted by the litigation."  Id.; see also Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980).  Courts often refer to this method as the "percentage of fund" or "POF" approach.

The First Circuit has held that the district court has the discretion to use either the lodestar method or the POF approach when awarding fees to class counsel.  In re Thirteen Appeals, 56 F.3d at 307.  Moreover, this discretion "may, at times, involve using a combination of both methods when appropriate."  Id. at 308; cf. United States v. Metropolitan Dist. Com'n, 847 F.2d 12, 15 (1st Cir. 1988) (approving "unusual" method of calculating fees in part because "there is little to be gained by mandating that district judges march in lockstep, following an unyielding, essentially wooden approach in all fee award cases.  To say that there is one approach, and only one approach, to evaluating fee applications would be idly to sacrifice substance on the altar of form").  Finally, consistent with its usual practice and as previously discussed in other cases, where there is a common fund and a provision for the reversion of undisbursed funds to a defendant, this session of the Court "give[s] weight to the percentage of claims actually made by class members when determining a reasonable fee award under the POF method."  Roberts v. TJX Cos., Inc., No. 13-cv-13142, 2016 WL 8677312, at *12 (D. Mass. Sept. 30, 2016).

Here, Plaintiffs request $400,000 in attorneys' fees, or one-third of the total value of the settlement fund which is less than the lodestar amount of $567,833.85.  [ECF No. 87 at 10–11, 18].  The Court's primary concern with granting the request for $400,000 is that it is not commensurate to the benefits actually bestowed on class members in this case.  As of the date of the settlement conference, only 37% of the class members had submitted claims ("Collective Members").  [ECF

No. 102 at 6]. The Court does not find that it is appropriate to award class counsel 1/3 of the value of the POF when only slightly more than one third of the eligible class members will be receiving any benefit. This is not to disparage the work done by counsel but merely reflects the Court's discomfort in giving counsel one third of the fund, distributing only slightly more than a third to Collective Members and then returning almost a third to defendant, resulting in an actual distribution to counsel of closer to 50% than 33% when compared to the benefit bestowed on the class members.

Accordingly, the Court grants $357,916.93 in attorneys' fees, which is halfway between the lodestar amount and 37% of the $400,000 that Plaintiffs request. In issuing this Order, the Court reminds parties that it is skeptical of requests for attorneys' fees that do not adequately take into account the percentage of claims actually made or the benefit received by Collective Members.

**SO ORDERED.**

/s/ Allison D. Burroughs
Allison D. Burroughs United
States District Judge

Dated: December 5, 2023