**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DANIELLE PALLOTTA and CHERYL LAFLAMME, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF MASSACHUSETTS MEMORIAL MEDICAL CENTER, KRONOS INCORPORATED, and UKG INC.,<br><br>Defendants. | Civil Action No. 4:22-cv-10361-ADB |

**FINAL JUDGMENT AND DISMISSAL**

WHEREAS, Plaintiffs Danielle Pallotta, Cheryl LaFlamme, Sandra Bravo, Melissa Lavin, Michelle Lemieux, Catherine Mysliewic, and Tania Ward (collectively, "Plaintiffs"), individually and on behalf of others allegedly similarly situated, and Defendants UMass Memorial Medical Center Inc. and UMass Memorial Health Care, Inc. (collectively the "UMass Defendants") (together with Plaintiffs "the Settling Parties"), having moved for final approval of a proposed class action and collective action settlement;

WHEREAS, due and adequate notice having been given to the Settlement Class, a hearing having been held on September 27, 2023, and the Court having considered the Settlement Agreement, Plaintiffs' Uncontested Motion for Final Approval of Class Action Settlement and upon Plaintiffs' Uncontested Motion for Attorneys' Fees, Expenses, and Service Award Payments and supporting documents, all papers filed and proceedings had herein, and any oral and written comments received regarding the proposed settlement, and having reviewed the record in this

1

litigation, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

1. For purposes of this Final Judgment and Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the litigation, the Plaintiffs, the Class Members, and the Released Persons (the Settling Parties).

3. The Court finally certifies for settlement purposes only the FLSA Collective. "FLSA Collective" means all hourly employees of UMass Memorial Medical Center, Inc. and/or UMass Memorial Health Care, Inc. who, according to Defendants' records, did not receive timely payment of wages as a result of the Data Breach and who consent to join this settlement by completing and returning a valid and timely FLSA Consent Form.

4. The Court finally certifies for settlement purposes only the Massachusetts Wage Act Class. "Massachusetts Wage Act Class" means all hourly employees of UMass Memorial Medical Center, Inc. and/or UMass Memorial Health Care, Inc. who, according to Defendants' records, did not receive timely payment of wages as a result of the Data Breach.

5. The Court appoints Danielle Pallotta, Cheryl LaFlamme, Sandra Bravo, Melissa Lavin, Michelle Lemieux, Catherine Mysliewic, and Tania Ward as Class and Collective Action Representatives (the "Class Representative Plaintiffs").

6. The Court appoints Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Sheff & Cook, LLC, and Gordon Law Group, LLP as class counsel ("Class Counsel").

7. The Court finds that notice was provided to Collective and Class Members in compliance with the Preliminary Approval Order, Settlement Agreement, Federal Rule of Civil Procedure 23 and due process.

8.  The Court finds that the Settling Parties adequately performed their obligations under the Settlement Agreement.

9.  The Court finds that the Settlement is the product of arm's length settlement negotiations between the Settling Parties and is procedurally fair.

10. The Court finds and concludes that the Settlement is substantially fair, reasonable, and adequate and should be approved.

11. The Court finds that the requested Service Awards are reasonable to compensate the Class Representative Plaintiffs.  Accordingly, the Court hereby approves Service Awards of $8,500 for each of the Class Representative Plaintiffs.

12. As detailed in the Court's order regarding attorneys' fees, [ECF No. 378], the Court hereby approves $357,916.93 in attorneys' fees and $18,688.42 in litigation expenses as fully justified in light of the substantial recovery, the hours expended, the reasonable hourly rates charged by Class Counsel, and the excellent work of Class Counsel.

13. The Court hereby approves payment to CAC Service Group, LLC, the Settlement Administrator for its work in this litigation.

14. The Settlement Administrator shall make all required payments pursuant to the Settlement Agreement.

15. The Clerk shall mark the above-captioned case, as well as the related cases Ward v. UKG, Inc., UMass Memorial Health Care, Inc. and UMass Memorial Medical Center, Inc., No. 22-40084 (D. Mass.) and Mysliewic v. UKG, Inc., and UMass Memorial Medical Center, Inc., No. 22-40083 (D. Mass.), dismissed with prejudice against the UMass Defendants, and dismissed without prejudice against the remaining Defendants.[1]

---

[1] This Court does not have authority to enter orders in state court cases, see, e.g., Lavin v. University of Massachusetts Memorial Medical Center, No. 2285CV00056C (Mass. Sup. Ct.), and the parties must take steps on their own to effectuate dismissal of that case.

16. Without affecting the finality of this Order, the Court retains jurisdiction for the purposes of enabling the settling Parties to apply to this Court for such further orders or guidance as may be necessary for the construction, modification, or enforcement of the Settlement Agreement or this Final Approval Order and Judgment.

IT IS SO ORDERED on this 5th day of December, 2023

                                         */s/ Allison D. Burroughs*
                                         Allison D. Burroughs
                                         United States District Judge